JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park CA  94025
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

KATIE E. BRISCOE (STATE BAR NO. 287629)
kbriscoe@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: +1 916 447 9200
Facsimile:     +1 916 329 4900

ANNIE H. CHEN (STATE BAR NO. 292032)
annie.chen@orrick.com
LAUREN R. LEIBOVITCH (STATE BAR NO. 323230)
lleibovitch@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue
Suite 2700
Los Angeles, CA  90071
Telephone:     +1 213 629 2020
Facsimile:     +1 213 612 2499

Attorneys for Defendant
US FOODS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GAUDIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>US FOODS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS U.S. FOODSERVICE, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT US FOODS, INC.'S NOTICE OF REMOVAL** |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant US Foods, Inc. files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to effect removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of San Joaquin. The removal is proper for the reasons stated below.

**I.      BACKGROUND**

1.      On October 16, 2025, Plaintiff Anthony Gaudio filed a Complaint in the Superior Court of California for the County of San Joaquin, entitled "*Anthony Gaudio v. US Foods, Inc.*," Case Number STK-CV-UWT-2025-0015326. The allegations of the Complaint in the Action are incorporated by reference in this Notice of Removal without necessarily admitting any of them.

2.      Plaintiff brings various employment-related claims stemming from the termination of his employment with US Foods in November 2024. Complaint ¶ 12. The Complaint asserts causes of action against US Foods for: (1) disability discrimination in violation of Gov. Code § 12940 *et seq.*; (2) failure to accommodate disability in violation of Gov. Code § 12940(m); (3) failure to engage in interactive process in violation of Gov. Code § 12940(n); (4) retaliation in violation of Gov. Code § 12940(h); (5) failure to prevent discrimination and harassment in violation of Gov. Code § 12940(k); (6) wrongful termination in violation of public policy; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; and (9) unfair competition in violation of Business & Professions Code §§ 17200 *et seq. See generally* Complaint.

3.      In support of his claims, Plaintiff alleges that he was hired by US Foods in or around July 14, 2024 and performed his job duties competently and efficiently. *Id.* ¶ 9. Plaintiff alleges that, in or around June 2024, he was approved by US Foods to take a disability leave to attend rehab for his substance abuse, with a scheduled return to work date of November 19, 2024. *Id.* ¶¶ 11, 16. Plaintiff further alleges that, throughout his leave, he was in compliance with all of US Foods' requirements and policies, including providing documentation from his doctor to support his disability leave. *Id.* ¶ 11. Plaintiff contends that US Foods failed to accommodate his

disability, failed to engage in the good-faith interactive process, and unlawfully terminated his employment because of his disability on November 19, 2024, the very day he was scheduled to return to work. *Id*. ¶¶ 17, 25, 26, 34, 40, 54. Plaintiff also alleges that, because Plaintiff suffered unlawful discrimination as a result of US Foods' purported conduct, US Foods failed to take all reasonable steps to prevent discrimination. *Id*. ¶ 48. Plaintiff further contends that US Foods' purportedly discriminatory actions constituted severe and outrageous misconduct and caused Plaintiff severe emotional distress. *Id.* ¶¶ 59, 68.

## II.     REMOVAL IS TIMELY

4.      US Foods, through its agent for service of process, was served with the Summons and Complaint on October 17, 2025. In compliance with 28 U.S.C. § 1446(a), the Summons and Complaint are attached hereto together with all other pleadings, process and orders served on US Foods as **Exhibit A**.

5.      This Notice of Removal has been filed within thirty days after US Foods first received a copy of Plaintiff's Summons and Complaint upon which this action is based. The Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

## III.    DIVERSITY JURISDICTION EXISTS

6.       A civil action may be removed from a state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

7.      The action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action between properly joined parties who are citizens of different states and the matter in controversy for the named Plaintiff exceeds $75,000, exclusive of interest and costs. As such, the action is removable to this Court under 28 U.S.C. § 1441(a)(1).

### A.      Complete Diversity of Citizenship Exists Between Plaintiff and US Foods

8.      Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

DEFENDANT US FOODS, INC.'S NOTICE OF REMOVAL

9.      Plaintiff's Citizenship. Plaintiff alleges that he is and was, and at all relevant times mentioned herein, an individual residing in the State of California. Complaint ¶ 4. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of one's domicile. *See Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. 2016) (allegation that Plaintiff "is, and at all times mentioned in the Complaint was," a California resident "gives rise to a presumption that Plaintiff is a California citizen"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). US Foods therefore alleges that Plaintiff is a citizen of California.

10.      US Foods' Citizenship. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (adopting "nerve center" test to determine corporation's principal place of business). The proper inquiry is to determine a corporation's "center of overall direction, control and coordination." *Id*. US Foods is now, and was at the time of the filing of the Complaint, a corporation incorporated under the laws of the State of Delaware. Complaint ¶ 5. US Foods' principal place of business is currently, and was at the time of filing of the Complaint, Rosemont, Illinois. US Foods' corporate headquarters is located in Rosemont, Illinois. US Foods also maintains its corporate books and records in Rosemont, Illinois. US Foods' Board meetings are held in Rosemont, Illinois where the corporate offices are located. Therefore, US Foods is a citizen of Delaware and Illinois for the purposes of determining diversity of citizenship.

11.      Doe Defendant's Citizenship. The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor Co*., 886 F.2d 1526, 1528 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990).

**B.      The Amount in Controversy Exceeds $75,000**

DEFENDANT US FOODS, INC.'S NOTICE OF REMOVAL

12.     In considering the amount in controversy, what matters is the amount put in controversy by plaintiff's complaint, not what amount the defendant will actually owe (if anything). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Korn v. Polo Ralph Lauren*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met"). Consequently, the existence of a defense that may apply to some or all of the claims is irrelevant. "[A]ffirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum." *Lara v. Trimac Transp. Servs. (W.) Inc.*, 2010 WL 3119366 at *3 (C.D. Cal. Aug. 6, 2010) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, (1938) ("[T]he fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim . . . will not justify remand.")). If the rule were otherwise, then a court would need to decide the merits before deciding the jurisdictional issue, which is plainly untenable. *Lara*, 2010 WL 3119366 at *3, quoting *Larsen v. Hofman*, 444 F. Supp. 245 (D.D.C. 1977) ("Jurisdictional determinations would otherwise have to await the outcome of trial on the merits in which counterclaims, set-offs, etc. may or may not be raised and, even if raised, may ultimately be demonstrated to be invalid").

13.     Plaintiff's Complaint is silent as to the total amount of damages claimed. When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). A defendant must provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015) ("[A] defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal.") The burden is not "daunting," and "a removing

- 4 -

defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007) (citation omitted); *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *5 (C.D. Cal. May 9, 2011) (same). The preponderance burden is satisfied where the defendant's calculations are conservative, made in good faith, and based on evidence wherever possible. *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009). Thus, US Foods is only required to establish that it is plausible that the amount in controversy exceeds $75,000.

14.    Here, Plaintiff seeks to recover, among many things, compensatory damages including back pay, front pay, loss of earnings, and emotional distress; general and special damages; punitive and exemplary damages; attorneys' fees and costs. *See* Complaint, Prayer for Relief. Assuming that Plaintiff were to prevail on each and every one of his claims, the amount in controversy is over $75,000 exclusive of interest and costs. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability.")

15.    <u>Lost Wages</u>. Plaintiff is seeking back pay and front pay alleging that Plaintiff has sustained and continue to sustain substantial losses of earnings and other employment benefits. Complaint ¶¶ 49, 56, 61, 68; Prayer for Relief ¶ 1.

16.    The amount in controversy is not limited to damages incurred prior to removal. Rather, the court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages. *See Kroske*, 432 F.3d at 980. Indeed, the Ninth Circuit has held that the amount in controversy calculation includes lost wages incurred after the time of removal where, as here, they are expressly prayed for as relief in the operative pleading. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) (holding that lost wages incurred after removal were appropriately included in the amount in controversy since they were claimed at the time the case was removed by defendant). In fact, in determining the amount in controversy, it is appropriate to consider the amount of lost wages through the time of trial. *See, e.g., Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 WL 4894307, at *3-4 (E.D. Cal. Sept. 11, 2013)

- 5 -

DEFENDANT US FOODS, INC.'S NOTICE OF REMOVAL

(denying remand in employment discrimination action and accepting calculation of 108 weeks of post-removal lost wages through date of trial as appropriately included in amount-in-controversy calculation).

17.    The Complaint does not allege the length of time for which Plaintiff is seeking lost wages. Therefore, US Foods conservatively estimates that Plaintiff, if he were to prevail, would recover lost wages from the date of his November 19, 2024 termination through the date of removal on November 21, 2025. At the time Plaintiff was terminated in 2024, he earned both an hourly rate of $31.43 along with component pay comprised of pay per mile, pay per stop and pay per piece. However, because of his leave of absence, he was not actively working for US Foods in 2024. In 2023, the last full year Plaintiff worked with US Foods, Plaintiff earned three different hourly rates of pay $23.61, $30.51, and $31.43, in additional to component pay comprised of pay per mile, pay per stop and pay per piece. In 2023, Plaintiff earned approximately $128,000 in wages. Further, it has been approximately one year since the date of Plaintiff's termination through the date of removal. Conservatively estimating Plaintiff recovers only a year of lost wages at his 2023 rate of pay (as opposed to his higher rate in 2024), the amount of lost wages in controversy is *at least* **$128,000**.

18.    <u>Emotional Distress</u>. Plaintiff alleges that as a result of US Foods' conduct, Plaintiff has suffered and continued to suffer "severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, all of which is substantial and enduring." Complaint ¶¶ 19, 28, 36, 42. Plaintiff also pleads stand-alone IIED and NIED claims, alleging that "[a]s a result of [US Foods'] extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damages in a sum according to proof." *Id*. ¶¶ 62, 69.

19.    Emotional distress damages are appropriately considered by the court in determining whether the amount in controversy is satisfied for purposes of removal. *Kroske*, 432 F.3d at 980; *see also, e.g.*, *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Where a complaint does not seek a specific dollar amount of recovery on a claim for emotional distress damages, "[i]n order to establish the amount of emotional distress … damages in

DEFENDANT US FOODS, INC.'S NOTICE OF REMOVAL

controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *4 (N.D. Cal. July 11, 2008). District courts in California recognize that "emotional distress damages in a successful employment discrimination case may be ***substantial***." *Simmons*, 209 F.Supp.2d at 1034 (emphasis added); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (same). Indeed, emotional distress damages awards in actions based on discrimination or retaliation in violation of FEHA, *like this one*, frequently exceed the $75,000 amount in controversy ***on their own***. *See e.g., Lemke v. BCI Coca-Cola of Los Angeles*, 2004 WL 5825304 (Cal. Super. Dec. 1, 2004) ($135,000 emotional distress damages awarded in FEHA and ADA disability discrimination action); *Liemandt v. Mega RV Corp.*, 2011 WL 2912831 (Cal. Super. Ct. Feb. 4, 2011) ($385,000 emotional distress award to plaintiff who alleged wrongful termination based on age upon return to work from medical leave).

20.    Accordingly, based on the Complaint's allegations, US Foods conservatively estimates that the minimum value of Plaintiff's emotional distress damages, if he was to prevail on his claims, would be *at least* **$25,000** for purposes of calculating the reasonable amount in controversy in this action. *See, e.g.*, *Kroske*, 432 F.3d at 980 (holding that the trial court properly estimated $25,000 for emotional distress damages for purposes of satisfying the amount-in-controversy where the plaintiff's wage loss was only nominal).

21.    <u>Punitive Damages</u>. Plaintiff also seeks punitive and/or exemplary damages in connection with his claims and alleges that US Foods' alleged conduct justifies the awarding of punitive and exemplary damages. Complaint ¶¶ 20, 29, 37, 43, 57, 63, 70, Prayer for Relief, ¶ 6. The Ninth Circuit has held that punitive damages should be considered by a district court when determining the amount-in-controversy where they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.") Punitive damages are available under the FEHA. *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

22.    "In order to establish the amount…of punitive damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Rivera v.*

*Costco Wholesale Corp.*, 2008 WL 2740399, at \*4 (N.D. Cal. July 11, 2008). California district courts routinely find that "the potential for large punitive damage awards in employment discrimination cases" satisfies the amount in controversy without even considering other damages. *See Simmons*, 209 F.Supp.2d at 1033; *Chambers v. Penske Truck Leasing Corp.*, 2011 WL 1459155, \*4 (E.D. Cal. Apr. 15, 2011) (denying remand in FEHA action and finding that amount in controversy was satisfied because "punitive damages in employment matters may be substantial"); *Haase v. Aerodynamics Inc.*, 2009 WL 3368519, \*4 (E.D. Cal. Oct. 19, 2009) (acknowledging million-dollar punitive damages awards and denying remand in FEHA action, noting that "even a minimum award of punitive damages would satisfy the jurisdictional requirement").

23. The Ninth Circuit has also described a 1:1 ratio of punitive to compensatory damages as "conservative" for purposes of assessing the amount in controversy requirement. *E.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *see also Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at \*9 (N.D. Cal. Aug. 18, 2015). Thus, utilizing this ratio, and basing potential exemplary damages award solely on the lost wages in controversy in this action, the potential punitive damages award in this action if Plaintiff was to prevail on his claims is approximately **$128,000**.

24. As the calculations above demonstrate, there is well over $75,000 in controversy in this action: $128,000 (lost wages) + $25,000 (emotional distress) + $128,000 (punitive damages) = **$281,000**. The calculations above are conservative because they also do not include potential additional attorneys' fees which Plaintiff also seeks and are recoverable by the prevailing party under FEHA. *See* Complaint ¶ 15, Prayer for Relief ¶ 7; Cal. Gov't Code § 12965(b); *see Galt*, 142 F.3d at 1155-56 ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

25. Accordingly, the $75,000 amount-in-controversy requirement under traditional diversity is easily satisfied.

**V.     <u>VENUE</u>**

DEFENDANT US FOODS, INC.'S NOTICE OF REMOVAL

26.     Venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c)(2). This action was originally brought in the Superior Court of the State of California, County of San Joaquin, which is embraced by the Eastern District of California.

## VI.     NOTICE OF REMOVAL

27.     This Notice of Removal shall be served promptly on Plaintiff's Counsel of Record and filed with the Clerk of the Superior Court of the State of California in and for the County of San Joaquin.

Dated:  November 14, 2025

JOSEPH C. LIBURT
KATIE E. BRISCOE
ANNIE H. CHEN
LAUREN R. LEIBOVITCH
Orrick, Herrington & Sutcliffe LLP

By:     _/s/ Annie H. Chen_
ANNIE H. CHEN
Attorneys for Defendant
US FOODS, INC.

DEFENDANT US FOODS, INC.'S NOTICE OF REMOVAL

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
US FOODS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS U.S. FOODSERVICE, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ANTHONY GAUDIO, an individual,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)



LISA VEGA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): Stockton Courthouse<br><br>180 E. Weber Ave. Stockton, CA 95202 | CASE NUMBER:<br>(Número del Caso):<br>STK-CV-2025-15326 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Shaun Setareh; Setareh Law Group; 420 N. Camden Dr., STE 100, Beverly Hills, CA 90210; (310) 888-7771

| DATE: 11/16/25<br>(Fecha) | STEPHANIE BOHRER | Clerk, by<br>(Secretario) _____ | , Deputy<br>(Adjunto) |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): US FOODS, INC. Which Will Do Business in California as U.S. Foodservice, Inc., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
      ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, SBN 204514<br>Setareh Law Group<br>420 Camden Dr., Suite 100, Beverly Hills, CA 90210 | FILED<br><br>2025 OCT 15<br><br>LISA VEGA |
| TELEPHONE NO.: (310) 888-7771    FAX NO.: (310) 888-0109 | |
| EMAIL ADDRESS: Shaun@setarehlaw.com, calendar@setarehlaw.com | |
| ATTORNEY FOR (Name): Plaintiff, Anthony Gaudio | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN JOAQUIN**
STREET ADDRESS: 180 E Weber Ave
MAILING ADDRESS: 160 E Weber Ave
CITY AND ZIP CODE: Stockton 95202
BRANCH NAME: Stockton Courthouse

CASE NAME:
Anthony Gaudio v. US FOODS, INC.,

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) | [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | STK-CV-UWT-2025-15326<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint (*not specified above*) (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition (*not specified above*) (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [x] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (*specify*): NINE
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: October 15, 2025

Shaun Setareh, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)--Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
SETAREH LAW GROUP
420 N. Camden Dr., Suite 100
Beverly Hills, California 90210
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
ANTHONY GAUDIO

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN JOAQUIN**

**UNLIMITED JURISDICTION**

| | |
|---|---|
| ANTHONY GAUDIO, an individual,<br><br>    *Plaintiff*,<br><br>    v.<br><br>US FOODS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS U.S. FOODSERVICE, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>    *Defendants*. | Case No.: STK-CV-UWT-2025-15326<br><br>**COMPLAINT FOR:**<br><br>1. Disability Discrimination in Violation of Gov. Code § 12940 *et seq.*;<br>2. Failure to Accommodate Disability in Violation of Gov. Code § 12940(m);<br>3. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n);<br>4. Retaliation in Violation of Gov. Code § 12940(h);<br>5. Failure to Prevent Discrimination and Harassment in Violation of Gov. Code § 12940(k);<br>6. Wrongful Termination in Violation of Public Policy;<br>7. Intentional Infliction of Emotional Distress<br>8. Negligent Infliction of Emotional Distress<br>9. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

Plaintiff ANTHONY GAUDIO (hereinafter "Plaintiff") alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this action against US FOODS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS U.S. FOODSERVICE, INC., a Delaware Corporation; and DOES 1 through 50 inclusive (collectively "Defendants") for alleged violations of Cal. Gov. Code § 12940 *et seq.*, common law, and the Business and Professions Code § 17200.

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction to hear this case because the Plaintiff is informed and believes that he monetary damages and restitution sought in this complaint for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court of the State of California.

2.    Venue is proper in the County of SAN JOAQUIN pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose there, because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.    Prior to the initiation of this lawsuit, Plaintiff filed a complaint against each named defendant with the California Department of Fair Employment and Housing (DFEH) pursuant to California Government Code section 12900, *et seq.*, alleging the claims described in this complaint. On October 15, 2025, the DFEH issued a "right to sue" letter. A true and correct copy of the administrative complaint and the "right to sue" letter is attached as Exhibit A. All conditions precedent to the institution of this lawsuit have been fulfilled. This action is filed within one year of the date that the DFEH issued its right to sue letter.

## THE PARTIES

4.    Plaintiff ANTHONY GAUDIO is and at all relevant times mentioned herein remains, an individual residing in the State of California.

1
COMPLAINT

5. Plaintiff is informed and believe, and thereupon alleges that Defendant US FOODS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS U.S. FOODSERVICE, INC., a Delaware Corporation, is a California corporation doing business in the state of California.

6. Plaintiff is ignorant of the true names capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued herein as DOES 1 through 50, inclusive, but is informed and believes and thereupon alleges that the defendants are legally responsible for the wrongful conduct alleged herein and therefore Plaintiffs sue these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

7. Plaintiff is informed and believes and thereupon alleges that, at all relevant times mentioned herein, all defendants were the agents, employees and/or servants, joint employers, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other defendants.

8. Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by and/or attributable to all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that the alleged acts and failures to act were within the course and scope of the agency, employment and/or direction and control.

## FACTUAL BACKGROUND

9. Plaintiff was hired by Defendants in or around July 14, 2014. Plaintiff was a hardworking and steadfast employee, who performed his job duties competently and efficiently, within the Defendants' rules, requirements, and policies.

10. In or around November 2023, Plaintiff began to advocate for the rights of himself and his coworkers by initiating contact with a Union and attempting to organize a unionization vote. As a result, Plaintiff and several other drivers, approximately eleven to thirteen people in total, were actively involved in gathering support for the Union vote. After the unionization vote failed, all of the employees who were involved in attempting to organize support for the Union were terminated. Plaintiff is informed and believes that Defendants' termination of these individuals was an act of

2
COMPLAINT

unlawful retaliation.

11.     In or around June 2024, Plaintiff was approved by Defendants to take a disability leave to attend rehab, with a scheduled return to work date of November 19, 2024. Throughout this period, Plaintiff was in compliance with all of Defendants' requirements and policies, including providing documentation from his doctor to support his disability leave.

12.     On November 19, 2024, the very day Plaintiff was scheduled to return to work, he received a phone call from Defendants' management informing him that he was terminated. The manager was unable to provide a reason for the termination. As a result of Defendants' unlawful conduct, Plaintiff was also denied unemployment benefits.

### FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF GOV. CODE § 12940 ET SEQ.

### (Against All Defendants)

13.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

14.     At all times herein mentioned the FEHA, California Government Code section 12940, was in full force and effect.  Under the FEHA, "It shall be an unlawful employment practice . . . [¶] (a) For an employer, because of . . . physical disability . . . [or] medical condition, . . . to discharge the person from employment or . . . to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Defendants violated this section by terminating Plaintiff because of his disability.

15.     Defendants were an employer within the meaning of the FEHA because they employed five or more persons.

16.     Plaintiff was disabled for the purposes of the FEHA. Plaintiff was approved for disability leave to attend rehab for his substance abuse. This injury and medical condition limited his ability to perform a major life activity, namely, his job. Moreover, Plaintiff had a record or history of his disability that was known to Defendants, thus independently constituting a disability under Cal. Gov. Code section 12926(k)(3). Furthermore, Defendants treated Plaintiff as though he had, or had had in the past, a condition making the achievement of a major life activity difficult; or

it believed that, although his impairment might have had no disabling effect at the end of the leave period, or by some reasonable accommodation, that impairment might again worsen into a disability. *See* Government Code section 12926(k)(4), (5).

17. Plaintiff was subjected to an adverse employment action because of his disability. Plaintiff was fired on the basis of his disability. Defendants failed to accommodate Plaintiff's disability and unlawfully terminated him.

18. As a direct and proximate cause of Defendants' violation of the FEHA, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

19. As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to, and did, suffer and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, all of which is substantial and enduring. The exact nature and extent of these injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

20. The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendant, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY

### IN VIOLATION OF GOV. CODE § 12940(m)

**(Against All Defendants)**

21. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

22. California Government Code section 12940(m) prohibits an employer from failing to make reasonable accommodations for known disabilities of employees. Defendants violated this section by failing to accommodate Plaintiff's known disabilities.

4
COMPLAINT

23.    Plaintiff was disabled within the meaning of the FEHA, and Defendants knew of his disability.

24.    Plaintiff was able to perform his essential job duties with reasonable accommodation.

25.    Defendants did not make reasonable accommodations to Plaintiff, despite their ability to do so without suffering undue hardship; instead, Defendants terminated Plaintiff after approving his disability leave.

26.    Plaintiff believes, and on that basis alleges, that his disability was a motivating factor in Defendants terminating his employment.

27.    As a direct and proximate cause of Defendants' violation of California Government Code section 12940(m), Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

28.    As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to, and did, suffer and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, all of which is substantial and enduring.  The exact nature and extent of these injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

29.    The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN INTERACTIVE PROCESS

### IN VIOLATION OF GOV. CODE § 12940(n)

**(Against All Defendants)**

30.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

31.     California Government Code section 12940(n) prohibits an employer from failing to engage in a timely, good-faith, interactive process to determine whether it would be possible to implement effective reasonable accommodations for employees with disabilities. Defendants violated this section by failing to engage in the interactive process with regard to Plaintiff's disabilities.

32.     Plaintiff was disabled within the meaning of the FEHA, and Defendants knew of his disability.

33.     Plaintiff was willing to participate in a good-faith, interactive process to determine whether reasonable accommodation could be made so that he could perform his essential job requirements. In fact, Plaintiff (any reasonable accommodations Plaintiff proposed, i.e., working shorter hours, seeing a therapist, etc.)

34.     By dismissing Plaintiff's reasonable requests, and later firing Plaintiff, Defendants failed to engage in the good-faith interactive process.

35.     As a direct and proximate cause of Defendants' violation of California Government Code section 12940(n), Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

36.     As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to, and did, suffer and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, all of which is substantial and enduring. The exact nature and extent of these injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

37.     The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF GOV. CODE §12940(h)

**(Against All Defendants)**

38. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

39. At all times herein mentioned, FEHA, Government Code section 12940(h), was in full force and effect and binding on Defendants. These statutes require Defendants to refrain from retaliating against Plaintiff.

40. Defendants' adverse actions against Plaintiff as described in this Complaint constitute unlawful retaliation against Plaintiff for reporting his qualified disability to Defendants.

41. As a direct and proximate cause of Defendants' violation of California Government Code section 12940(h), Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

42. As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to, and did, suffer and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety. The exact nature and extent of these injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

43. The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT

### IN VIOLATION OF GOV. CODE § 12940(k)

**(Against All Defendants)**

44. Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

45. At all times mentioned herein, California Government Code section 12940 *et seq.*

7

COMPLAINT

was in full force and effect and binding on Defendants. These sections require Defendants to take reasonable steps to prevent discrimination from occurring.

46. As alleged herein, Plaintiff suffered unlawful discrimination and harassment at the hands of Defendants.

47. Defendants, and each of them, failed to take all reasonable steps to prevent such harassment and discrimination in violation of Government Code section 12940(k).

48. Defendants failed to take appropriate and/or reasonable steps to train and/or monitor its employees, supervisors and/or managers regarding disability discrimination by failing to enforce a policy against unlawful discrimination, and by failing to take prompt and appropriate disciplinary action against the perpetrators of discrimination.

49. As a direct and proximate result of Defendants' failure to take all reasonable steps to prevent harassment and discrimination, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include loss of salary and other valuable employment benefits, prejudgment interest and interest on the sum of damages at the legal rate, and other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Defendants and each of them.

50. In addition, pursuant to Government Code section 12965(b), Plaintiff is entitled to his attorneys' fees in prosecuting this lawsuit.

51. Because the wrongful acts against Plaintiff were carried out, authorized, or ratified by Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or were deliberate, willful, and in conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendants, and each of them, in order to deter them from such and similar conduct in the future.

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Against All Defendants)**

8
COMPLAINT

52. Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

53. Plaintiff's termination was wrongful in that it violated the fundamental public policies of California that prohibit discrimination, harassment, and retaliation on the basis of: disability; work related injury; and for objecting and complaining about an employer's violations of wage and hour laws and hazardous working conditions, as discussed above.

54. Defendants discharged Plaintiff in violation of the aforementioned public policies, under:

    a. California Government Code § 12940, *et seq.*;

    b. California Government Code § 12940(m);

    c. California Government Code § 12940(n);

    d. California Government Code § 12940(h);

    e. California Government Code § 12940(k); and

    f. California Labor Code § 98.6;

55. As a direct and proximate cause of his wrongful discharge, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

56. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, emotional distress, humiliation, mental anguish, anger, and embarrassment, all in an amount subject to proof at the time of trial.

57. The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

///

///

9
COMPLAINT

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

58.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

59.    Defendants discriminatory, harassing, and retaliatory actions against Plaintiffs constituted severe and outrageous misconduct and caused Plaintiffs extreme emotional distress.

60.    Defendants had the intention of causing and/or recklessly disregarded the probability of causing emotional distress to Plaintiffs and did, in fact, cause emotional distress to Plaintiffs. Defendants' misconduct caused Plaintiff severe emotional distress, including, but not limited to, depression and anxiety.

61.    As a proximate result of Defendants extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

62.    As a proximate result of Defendants extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damages in a sum according to proof.

63.    The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## EIGHTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

64.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

10

COMPLAINT

///

65. Defendants owed Plaintiff a duty because of their preexisting relationship as employer-employee and employer-manager/superior to refrain from discrimination against or harassing Plaintiff because of her disability, and/or perceived disability, in violation of FEHA.

66. Defendants owed a further duty to Plaintiff to take reasonable steps to take reasonable action to avoid these wrongful acts and to reasonably deal with them upon learning of their existence.

67. Defendants' acts and/or omissions constituting, authorizing, condoning, and ratifying discrimination and/or harassment as hereinabove alleged toward Plaintiff, and Defendants' failure to take reasonable steps to avoid these wrongful acts or reasonably deal with them upon learning of their existence, constituted breaches of their respective duties.

68. As a proximate result of Defendants extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

69. As a proximate result of Defendants extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damages in a sum according to proof.

70. The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

### NINTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*

#### (Against All Defendants)

71. Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

72. California Business & Professions Code section 17200 *et seq.* (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

73. California Business & Professions Code section 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

74. Defendants committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a. Violation of Government Code section 12940 et seq. pertaining to disability discrimination, failure to prevent discrimination, and retaliation;

    b. Violation of Labor Code section 1102.5 pertaining to retaliation; and

    c. Wrongfully terminating Plaintiff in violation of the aforementioned public policies;

75. The violations of these laws and regulations, as well as of the fundamental California public policies underlying them, serve as unlawful predicate acts and practices for the purposes of Business & Professions Code section 17200 *et seq.*

76. Additionally, Plaintiff believes, and thereon alleges, that Defendants' unlawfully discriminatory retaliatory conduct, as discussed above, will continue unless enjoined by this court. On these grounds, and as Plaintiff has been subjected to Defendants' aforementioned violations of the FEHA and Labor Code, Plaintiffs also seek redress in the form of injunctive relief.

77. The acts and practices alleged above have unlawfully deprived Plaintiff of the rights due to him under the law while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

78. As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have continued to receive as an employee of Defendants.

79. Plaintiff seeks an order of this court awarding restitution, injunctive relief, and all other legal and equitable relief allowed under Business & Professions Code section 17200 *et seq.*, plus interest, attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure section 1021.5.

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For all compensatory damages in the form of consequential, and incidental damages, including but not limited to back pay, front pay, loss of earnings and employee benefits and damages for emotional distress, according to proof;

2.    For general and special damages, and interest thereon, according to proof;

3.    For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq.*, including disgorgement of profits resulting from Defendants' unlawful business acts and practices, according to proof;

4.    For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

5.    For pre-judgment and post-judgment interest, according to proof;

6.    For punitive and exemplary damages, according to proof;

7.    For attorneys' fees, according to proof;

8.    For costs of suit incurred herein; and

9.    For such other relief the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: October 15, 2025                         SETAREH LAW GROUP

                                                SHAUN SETAREH
                                                Attorney for Plaintiff
                                                ANTHONY GAUDIO

13
COMPLAINT

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

### Case Number: STK-CV-UWT-2025-0015326

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 04/17/2026 | Time: 8:45 AM Department: 10B |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE BLANCA BANUELOS IN DEPARTMENT 10B FOR ALL PURPOSES, INCLUDING TRIAL. | Stockton | Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

[ **X** ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1.  You must:

    a.  **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b.  **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c.  **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d.  **Collection cases** are managed pursuant to CRC 3.740.

2.  Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/divisions/civil/ .

3.  If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4.  Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 10/16/2025                                    _____Lisa Vega_____,Deputy Clerk

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING