UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY GAUDIO,

Plaintiff,

v.

US FOODS, INC. DBA U.S. FOODSERVICE, INC.,

Defendant.

No. 2:25-cv-03312-TLN-AC

**ORDER**

This matter is before the Court on Defendant U.S. Foods, Inc.'s ("Defendant") Motion to Dismiss and/or Strike ("Motion to Dismiss"). (ECF No. 6.) For the reasons set forth below, the motion is GRANTED WITH LEAVE TO AMEND.

///

///

///

///

///

///

///

///

## I. Factual and Procedural Background

This matter arises from Defendant's allegedly unlawful termination of Anthony Gaudio's ("Plaintiff") employment in violation of state anti-discrimination law. (ECF No. 1 at 15–29.) Plaintiff claims that he was illegally fired after attempting to form a union with fellow employees, and taking disability leave to undergo treatment for substance abuse. (*Id.*)

On October 15, 2025, Plaintiff filed suit in San Joaquin Superior Court asserting nine causes of action: (1) disability discrimination in violation of California Government Code § 12940 *et seq.*; (2) failure to accommodate disability in violation of California Government Code § 12940(m); (3) failure to engage in the interactive process in violation of California Government Code § 12940(n); (4) retaliation in violation of California Government Code § 12940(h); (5) failure to prevent discrimination and harassment in violation of California Government Code § 12940(k); (6) wrongful termination in violation of public policy; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; and (9) unfair competition in violation of California Business and Professions Code § 17200 *et seq.* (*Id.*)

Defendant removed the action to this Court on November 14, 2025. (*Id.*) On December 19, 2025, Defendant filed the instant motion, arguing that Plaintiff failed to adequately plead any of his claims. (ECF No. 6.)

## II. Standard of Law

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

*Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

## III. ANALYSIS

Defendant argues Plaintiff fails to state any claim.[1] (ECF No. 6-1 at 2–14.) Plaintiff opposes[2] the Motion to Dismiss and argues that his allegations are sufficient at the pleading stage. (ECF No. 10 at 2–11.)

### A. Disability Discrimination, Failure to Accommodate, and Failure to Engage in Interactive Process Claims (Claims 1–3)

To state a prima facie claim for disability discrimination under the California Fair Employment and Housing Act ("FEHA"), the plaintiff must "show that he (1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations; and (3) was subjected to an adverse employment action because of the disability or perceived disability." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 797 (N.D. Cal. 2015). Similarly, a claim for failure to make reasonable accommodations under FEHA requires the plaintiff to plead "a disability under the FEHA . . .[and that they are] qualified to perform the essential functions of the position." *Scotch v. Art Inst. of California*, 173 Cal. App. 4th 986, 1009–10 (2009). FEHA also "imposes on employers a mandatory obligation to engage in the interactive process once an employee requests an accommodation for his or her disability, or when the employer itself recognizes the need for one." *Achal*, 114 F. Supp. 3d at 800.

Defendant argues that the Complaint fails to adequately plead any of these elements

---

[1] Defendant also asks for the Court to strike the request for punitive damages in the Complaint. (ECF No. 6-1 at 19–20.) As explained below, the Court grants the Motion to Dismiss the Complaint. Therefore, the request to strike is moot.

[2] Plaintiff's opposition cites a number of cases which do not support the propositions asserted. The Court notes just some examples throughout this Order. The Court reminds Plaintiff's counsel of their duty of candor to the court and their obligation to only present "defenses, and other legal contentions" which "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed R. Civ. P. 11; *Oneto v. Watson*, 808 F. Supp. 3d 974, 980 (N.D. Cal. 2025) ("[M]isrepresenting the holdings of a case is making a false statement to a court[.]") (quoting *United States v. Hayes*, 763 F. Supp. 3d 1054, 1067 (E.D. Cal. 2025), *reconsideration denied*, No. 2:24-CR-0280-DJC, 2025 WL 1067323 (E.D. Cal. Apr. 9, 2025)).

because Plaintiff's statements are conclusory and lack specific facts to support them. (ECF No. 6-1 at 7–11.) Plaintiff argues that he has adequately alleged[3] all essential elements of these claims. (ECF No. 10 at 2–7.)

The Court agrees with Defendant that Plaintiff has failed to adequately allege he had a qualifying disability, although it finds that he has sufficiently alleged that he was regarded as having a disability:

> Plaintiff was disabled for the purposes of the FEHA. Plaintiff was approved for disability leave to attend rehab for his substance abuse. This injury and medical condition limited his ability to perform a major life activity, namely, his job. Moreover, Plaintiff had a record or history of his disability that was known to Defendants, thus independently constituting a disability under Cal. Gov. Code section 12926(k)(3). Furthermore, Defendants treated Plaintiff as though he had, or had had in the past, a condition making the achievement of a major life activity difficult; or it believed that, although his impairment might have had no disabling effect at the end of the leave period, or by some reasonable accommodation, that impairment might again worsen into a disability. *See* Government Code section 12926(k)(4), (5).

(ECF No. 1 at 18–19.) The factual allegations provided are insufficient "to draw the reasonable inference" Plaintiff was disabled under FEHA. *Iqbal*, 556 U.S. at 678. Conclusory statements that Plaintiff's condition "limited his ability to perform a major life activity, namely, his job" or "Plaintiff was disabled within the meaning of the FEHA, and Defendants knew of his disability" do not suffice to survive a motion to dismiss. (ECF No. 1 at 18–20.) While being limited in the ability to work can constitute a disability[4] under FEHA, Plaintiff must still allege facts to show

---

[3] In support of his position that the complaint adequately pleads its claims, Plaintiff cites a number of inapposite cases which dealt with motions for summary judgment. For instance, Plaintiff argues: "[c]onsistent with Rule 12(b)(6), courts in the Ninth Circuit hold that a plaintiff is not required to plead the precise accommodation or prove its effectiveness at the pleading stage, as such determinations require factual development" and cites *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012). (ECF No. 10 at 12.) *Samper*, however, dealt with an appeal of a motion for summary judgment in a case under the Americans with Disabilities Act, and contains no mention of Rule 12(b)(6). 675 F.3d 123.

[4] The Court looks to authority interpreting the Americans with Disabilities Act as persuasive in the FEHA analysis. *See Gelfo v. Lockheed Martin Corp.*, 140 Cal.App.4th 34, 56–57 (2006) ("Because the ADA and FEHA share the goal of eliminating discrimination, we often look to federal case authority to guide the construction and application of FEHA, particularly where parallel statutory language is involved.").

that, in his individual case, substance use caused such a limitation. (*Id.*); *see, e.g.*, *Fonseca v. City of Chico*, No. 2:13-CV-01603 TLN, 2014 WL 2574610, at *3 (E.D. Cal. June 9, 2014) ("Although alcoholism may be a disability under the ADA where it has been shown to limit a major life activity, Plaintiff has failed to allege facts to support that his alcoholism has in fact limited his major life activities. Instead, Plaintiff merely states legal conclusions and recites necessary elements in an attempt to satisfy this prerequisite."); *Bailey v. Georgia–Pacific Corp.,* 306 F.3d 1162, 1167–68 (1st Cir.2002) ("An ADA plaintiff must offer evidence demonstrating that the limitation caused by the impairment is substantial in terms of his or her own experience. Alcoholism is no exception; courts have generally refused to recognize alcoholism as a *per se* disability under the ADA.").

Nevertheless, Plaintiff has alleged sufficient facts to raise a plausible inference that Defendant regarded him as having a disability. Plaintiff alleges that he was approved for leave to attend rehab for substance abuse and that he "provid[ed] documentation from his doctor to support his disability leave." (*Id.* at 18.) That is sufficient at the motion to dismiss stage to adequately allege that Defendant treated him as disabled. *See Penhall v. Lake Cnty. Prob. Dep't*, No. 19-CV-03769-CRB, 2022 WL 4625188, at *10 (N.D. Cal. Sept. 30, 2022), *aff'd,* No. 22-16665, 2024 WL 743789 (9th Cir. Feb. 23, 2024) (noting that the Court had denied a prior motion to dismiss an amended complaint when the plaintiff had newly pled that "Defendants knew, based on Dr. Weiss's September 27, 2017 note, that [plaintiff] was disabled").

Regardless, however, Plaintiff does not allege any specific facts which would allow the Court to reasonably infer he was capable of performing the essential duties[5] of his job other than the conclusory statements that he "was a hardworking and steadfast employee, who performed his job duties competently and efficiently" and "was able to perform his essential job duties with reasonable accommodation." (ECF No. 1 at 17, 20); *see Lee v. Delta Air Lines Inc.*, No.

---

[5] Plaintiff argues that "[w]hether [he] could ultimately perform every essential function is a factual issue inappropriate for resolution at this stage" and cites *Wills v. Superior Ct.*, 195 Cal. App. 4th 143 (2011), *as modified on denial of reh'g* (May 12, 2011). (ECF No. 10 at 9.) *Wills*, however, states no such thing; rather, it discusses the application of the *McDonnell Douglas* test in the context of resolving a motion for summary judgment in a FEHA case. *Id.* at 160.

CV208754CBMJEMX, 2021 WL 5990162, at *5 (C.D. Cal. June 2, 2021), *on reconsideration in part,* No. CV208754CBMJEMX, 2021 WL 4497209 (C.D. Cal. Aug. 23, 2021) ("While the [Complaint] includes conclusory allegations that Plaintiff was able to perform the essential functions of her job and was qualified to perform her job, Plaintiff does not allege any facts setting forth the essential functions of her job or her qualifications to perform the job."). Indeed, the Complaint does not even state what Plaintiff's position is or identify the duties of the unnamed position. (*See* ECF No. 1.)

As to accommodation, Plaintiff does not plead what reasonable accommodations he requested that were not granted, nor any facts about the dialogue between employee and employer sufficient to show an insufficient interactive process. Indeed, Plaintiff appears to have inadvertently left a placeholder phrase in the Complaint rather than specifying what reasonable accommodations he requested: "In fact, Plaintiff (any reasonable accommodations Plaintiff proposed, i.e., working shorter hours, seeing a therapist, etc.) [Sic]." (ECF No. 1 at 21.)

In the absence of these allegations, the Court concludes Plaintiff has not sufficiently pled disability discrimination, failure to accommodate, or failure to engage in the interactive process.

Therefore, the Motion to Dismiss is GRANTED as to Claims 1–3.

B. <u>FEHA Retaliation Claim (Claim 4)</u>

"The elements of a retaliation claim under FEHA are (1) a plaintiff engaged in a protected activity[;] (2) the employer subjected the employee to an adverse employment action[;] and (3) there is a causal link between the protected activity and the employer's action." *Wilson v. City of Fresno*, 763 F. Supp. 3d 1073, 1104 (E.D. Cal. 2025).

Defendant argues Plaintiff fails to sufficiently allege the first and third elements of a FEHA retaliation claim. (ECF No. 6-1 at 9–10.) Plaintiff argues requesting an accommodation qualifies[6] as protected activity, and the temporal proximity between his request and his

[6] Plaintiff claims: "requesting accommodation and opposing disability discrimination are protected activities" and cites *Rope v. Auto-Chlor System of Washington, Inc.* (ECF No. 19 at 13 (citing 220 Cal.App.4th 635 (2013)).) The *Rope* Court, however, "[found] no support in the regulations or case law for the proposition that a mere request — or even repeated requests — for an accommodation, without more, constitutes a protected activity sufficient to support a claim for retaliation in violation of FEHA." *Id.* at 652. The California Legislature amended California

termination establishes a causal connection. (ECF No. 10 at 13–14.)

As an initial matter, the Complaint asserts claims under California Government Code § 12940(h), which prohibits retaliation against an employee due to "fil[ing] a complaint, testif[ying], or assist[ing] in any proceeding under this part." (ECF No. 1 at 21–22.) Plaintiff has made no allegations related to any such protected conduct.

While requesting an accommodation for a disability is protected activity under California Government Code § 12940(m)(2), the "Retaliation" section of the Complaint simply states: "Defendants' adverse actions against Plaintiff as described in this Complaint constitute unlawful retaliation against Plaintiff for reporting his qualified disability to Defendants." (ECF No. 1 at 22); *Cornell*, 18 Cal. App. 5th at 942–43. While the Court can make the logical inference that "adverse actions" refers to Defendant's termination of Plaintiff after requesting disability leave, the Court agrees with Defendant that Plaintiff has failed to sufficiently plead a causal connection between these events. (ECF No. 6-1 at 15.)

Even if there are enough facts to rationally infer that Plaintiff made a request to attend rehab which constituted a request for accommodation, there are no facts alleged to infer that Defendant terminated Plaintiff because of that request. *See Estrada v. Gate Gourmet, Inc.*, No. CV 17-1100-MWF(FFMX), 2017 WL 2468773, at *6 (C.D. Cal. June 6, 2017) ("Plaintiff merely concludes that he was fired because of his workers' compensation claims, but fails to factually allege a causal connection between the filings and his ultimate termination."). The only specific factual allegation Plaintiff makes in this regard is that Defendant allowed him to take disability leave to attend rehab, but this supports precisely the opposite of what Plaintiff alleges — namely,

---

Government Code § 12940 *in response to Rope* to make it unlawful to "retaliate or otherwise discriminate against a person for requesting accommodation." *See Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908, 942–43 (2017) ("In the preamble to the bill, the Legislature stated, 'Notwithstanding any interpretation of this issue in *Rope* . . . the Legislature intends (1) to make clear that a request for reasonable accommodation on the basis of . . . disability is a protected activity[;] and (2) by enacting paragraph (2) of subdivision (m) . . . of Section 12940, to provide protection against retaliation when an individual makes a request for reasonable accommodation under these sections, regardless of whether the request was granted.'") (quoting Stats. 2015, c. 122 (A.B.987), § 1). Regardless of whether the proposition Plaintiff asserts is *correct*, it is plainly not *supported* by a case which states the contrary and is no longer good law.

that Defendant did provide the requested accommodation, rather than terminate him because of the request. (ECF No. 1 at 18.) And while temporal proximity between the protected activity and an adverse employment action is some evidence of retaliation, in evaluating a motion to dismiss, the Court is limited to the allegations of the Complaint, which, on its face, makes no effort to connect these two events. Rather, Plaintiff states it was "because of his disability" and for "reporting his qualified disability," not because he requested an accommodation.[7] (*Id.* at 19, 22.)

Thus, the Court finds Plaintiff has failed to adequately plead a claim for retaliation, and, accordingly, the Motion to Dismiss is GRANTED as to Claim 4.

C. Failure to Prevent Discrimination, Wrongful Termination in Violation of Public Policy, and Unfair Competition Claims (Claims 5, 6, and 9)

Defendant argues that the claims for failure to prevent discrimination, wrongful termination in violation of public policy, and unfair competition must be dismissed because they are derivative of Claims 1–3, which are deficient for the reasons discussed above. (ECF No. 6-1 at 10.) Plaintiff maintains these claims are adequately pled. (ECF No. 10 at 14.)

As explained above, the Court agrees with Defendant that the underlying FEHA claims are not properly pled and must be dismissed. The derivative allegations asserted in Claims 5, 6, and 9 are no less conclusory, and allege no more specific facts from which the Court could reasonably infer that Defendant violated the law. (ECF No. 1 at 22–24, 26–27); *Iqbal*, 556 U.S. at 678. Because Plaintiff fails to allege sufficient facts to state a claim for discrimination, these claims, which necessarily require establishing discrimination as a predicate, must be dismissed as well. *Achal*, 114 F. Supp. 3d at 804 (N.D. Cal. 2015) ("[A] failure to prevent discrimination claim is 'essentially derivative of a discrimination claim.'"); *Trujillo v. North County Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998) ("[T]here's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen.") (internal quotation marks omitted); *Napear v. Bonneville Int'l Corp.*, No. 2:21-CV-01956-DAD-DB, 2023 WL 4747623, at *12 (E.D. Cal. July 25, 2023) ("As discussed above, the

[7] There is also no causal connection alleged between Plaintiff's termination and his alleged attempt to form a union. (ECF No. 1 at 17–18.)

court has concluded that plaintiff has failed to adequately allege his discrimination claim brought under FEHA . . . . Thus, plaintiff's derivative claim for wrongful termination in violation of public policy will be dismissed to the extent that claim is derivative of his religious discrimination claim . . . ."); *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012) ("When a statutory claim fails, a derivative UCL claim also fails.").

Therefore, the Motion to Dismiss is GRANTED as to Claims 5, 6, and 9.

D. Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress Claims (Claims 7 and 8)

Defendant argues that Plaintiff's claims for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") fail as a matter of law because they are preempted by California's Workers' Compensation Act and are not properly pled. (ECF No. 6-1 at 15–19.) Plaintiff argues that these claims are properly pled and are not preempted because California law permits IIED and NIED claims predicated on actions which contravene fundamental public policy. (ECF No. 10 at 14–17.)

The Court need not address the parties' arguments with respect to workers' compensation preemption as it agrees with Defendant that Plaintiff has not properly pled a claim for IIED or NIED. As with his other claims, Plaintiff fails to allege specific facts and instead offers bare legal conclusions and recitations of the applicable legal standards. The Complaint alleges that "[a]s a proximate result of Defendants extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer severe emotional distress" but does not specify what this "extreme and outrageous conduct" was beyond a general reference to "discriminatory, harassing, and retaliatory actions." (ECF No. 1 at 25–26.) Plaintiff also does not offer any elaboration of how he experienced "severe emotional distress" beyond boilerplate allegations that he has suffered "humiliation, emotional distress, and mental and physical pain and anguish." (*Id.*); *see, e.g.*, *Jones v. Schneider Elec. USA, Inc.*, No. 24-CV-07347-JSC, 2026 WL 497471, at *5 (N.D. Cal. Feb. 23, 2026) ("[B]ecause Plaintiff has not alleged specific facts supporting his allegation he suffered severe or extreme emotional distress, he has failed to state an intentional infliction of

emotional distress claim.”).

Therefore, the Motion to Dismiss is GRANTED as to Claims 7 and 8.

E. Leave to Amend

Plaintiff requests the Court grant leave to amend in the event the Motion to Dismiss is granted. (ECF No. 10 at 7, 19.) Defendant has not opposed this request, and, indeed, counsel states that she “proposed that Plaintiff file an amended complaint to cure . . . deficiencies in the Complaint.” (ECF No. 6 at 2.)

If a complaint fails to state a plausible claim, “a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.” *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Because Defendant has not filed an answer in this case, leave to amend must be granted unless the Court determines that “allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith.” *Ferretti v. Pfizer Inc.*, 855 F. Supp. 2d 1017, 1022 (N.D. Cal. 2012). Defendant identifies no prejudice, undue delay, or bad faith, and the Court can discern none from the record. Additionally, amendment here would not be futile.

The Court therefore grants the Motion to Dismiss without prejudice to the filing of an amended complaint.

**IV. CONCLUSION**

For the foregoing reasons, the Motion to Dismiss is GRANTED with leave to amend. (ECF No. 6.) The Court GRANTS Plaintiff fourteen (14) days from the date of electronic filing of this Order to file an amended complaint.

IT IS SO ORDERED.

DATE: September 28, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE